# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Deveneer Beymar Lomax,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:26-cv-00025-ADA-SH** |
| | § | |
| **Ruth Anne Thornton,** | § | |
| *Defendant* | § | |

## ORDER

Now before the Court are Defendant Ruth Ann Thornton's Motion to Stay Discovery (Dkt. 15), filed May 11, 2026, and Plaintiff's Opposition to Defendant's Motion to Stay Discovery (Dkt. 16), filed May 15, 2026.[1]

Plaintiff Deveneer Beymar Lomax brings this civil rights suit under 42 U.S.C. § 1983 against Defendant Ruth Ann Thornton, the Director of the Child Support Division of the Office of the Attorney General of Texas, in her individual capacity. Complaint, Dkt. 1. Although not entirely clear, it appears that Lomax, who is proceeding *pro se*, brings claims arising from a state child support order. He alleges that Thornton violated his First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendment rights by directing "personnel and contractual agents" to enforce that order. *Id.* at 1. Lomax seeks relief from his obligations under the child support order and requests "termination of the unsolicited assistance from the federal/state partnership, with zero-dollar amount of arrears; removal from [his] credit history, and a full refund of $75,000.00 at 6% interest for notes exacted from [him] during this unsolicited assistance." *Id.* at 3.

---

[1] The Honorable Alan D Albright referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 2.

Thornton asks the Court to stay all discovery pending a ruling on her motion to dismiss based on lack of subject matter jurisdiction and qualified immunity (Dkt. 4). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Rule 26(c) allows the Court to issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under the rule's "good cause" requirement, the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted).

Thornton invokes the affirmative defense of qualified immunity. The qualified-immunity doctrine protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Until this threshold immunity question is resolved, "discovery should not be allowed." *Id.*

The "'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery.'" *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)). When public officials assert qualified immunity in a motion to dismiss, "a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense." *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022).

Because discovery should not be permitted until these threshold issues are resolved, the Court finds that Thornton has presented good cause to stay discovery. *Id.*; *see also Stamps v. Univ. of Tex. at Austin*, No. 1:20-CV-01204-LY-SH, 2021 WL 5167296, at \*4 (W.D. Tex. Nov. 4, 2021) (holding that defendants presented good cause to stay discovery when they raised defenses of qualified immunity and sovereign immunity in motion to dismiss).

The Court **GRANTS** Defendant Ruth Ann Thornton's Motion to Stay Discovery (Dkt. 15) and **STAYS** discovery pending the District Court's ruling on the Motion to Dismiss (Dkt. 4). The stay will lift automatically when the District Court issues an order on the motion to dismiss. If the Court's order on the motion to dismiss does not dispose of all claims, the parties shall have ten (10) days from the date of that order to file a proposed scheduling order consistent with the Docket Control Order (Dkt. 5).

**SIGNED** on July 6, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

3